UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN ANDREWS,

     Petitioner,                      Case No. 07-14917

v.

                                 HON. AVERN COHN

SUSAN DAVIS,

     Respondent.

_____/

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Stephen Andrews (Petitioner) is a state inmate at the Ionia Maximum Correctional Facility in Ionia, Michigan. Petitioner is serving a sentence of two hundred and forty to seven hundred and twenty months for armed robbery, Mich. Comp. Laws § 750.529; two hundred and forty to seven hundred and twenty months for conspiracy to commit armed robbery, Mich. Comp. Laws §§ 750.157a; 750.529; sixty seven to one hundred and twenty months for assault with intent to cause great bodily harm, Mich. Comp. Laws § 750.84; and sixty seven to one hundred and twenty months for conspiracy to commit assault with intent to cause great bodily harm, Mich. Comp. Laws §§ 750.157a; 750.84.

Petitioner, through counsel, has filed a petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, filed a response, arguing that petitioner's claims are procedurally defaulted or without merit. For the reasons which follow, the petition will be

denied.

## II.  Procedural History

Petitioner was convicted of the above offenses following a jury trial in the St. Clair County Circuit Court.

Petitioner filed an appeal of right with the Michigan Court of Appeals, in which he was represented by the State Appellate Defender Office.  Petitioner's appellate counsel raised seven claims and one subclaim.  Some of these claims are being raised by petitioner in his fifth, sixth, seventh, eighth, and ninth claims in his current petition.  The Michigan Court of Appeals affirmed petitioner's conviction.  *People v. Andrews,* No. 244054 (Mich.Ct.App. May 18, 2004).  Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, in which he raised the same claims that he raised in his appeal of right before the Michigan Court of Appeals.  The Michigan Supreme Court denied petitioner leave to appeal.  *People v. Andrews,* 472 Mich. 861 (2005).

Petitioner then filed a post-conviction motion for relief from judgment under M.C.R. 6.500, *et. seq.,* in which he presented what are now listed as claims one, two, three, four, ten, and eleven in the current petition.  The trial court noted that pursuant to M.C.R. 6.508(D)(3), a trial court may not grant post-conviction relief to a defendant unless the defendant demonstrates good cause for failing to raise such grounds on appeal, and actual prejudice from the alleged regularities.  The trial court then denied the motion for relief from judgment, finding that petitioner had failed to provide good cause for failing to raise on appeal the arguments presented in his motion, and further found that petitioner had failed to show, pursuant to M.C.R. 6.508(D)(3)(b)(i), that but for

2

the alleged errors, the defendant would have had a reasonably likely chance of acquittal. *People v. Andrews*, No. 02-001007-FC (St. Clair Circuit Court, April 21, 2006). The Michigan appellate courts denied petitioner leave to appeal, finding that petitioner had failed to establish entitlement to relief under M.C.R. 6.508(D). *People v. Andrews*, No. 273525 (Mich.Ct.App. May 15, 2007; *lv. den.* 480 Mich. 891 (2007).

Petitioner has now filed a petition for writ of habeas corpus, on the following grounds:

I. Petitioner was denied a fair trial and various rights including the right of confrontation where the judge interrupted the questioning of a witness to declare that her testimony was false, and giving his own version of the facts.

II. Petitioner was denied a fair trial and various rights including the presumption of innocence and the right of confrontation where the judge made findings of fact for the jury.

III. Petitioner was denied a fair trial and various rights where the judge precluded important cross-examination questions.

IV. Petitioner was prejudiced by the prosecutor calling him and his co-defendant a modern day Bonnie and Clyde.

V. The evidence was insufficient to support the two conspiracy convictions.

VI. Petitioner was prejudiced by testimony that instead of answering police questions he was hiring an attorney.

VII. Petitioner was prejudiced by additional improper prosecutor comments to the jury.

VIII. Petitioner was prejudiced by having the jury see him in shackles.

IX. Petitioner should be resentenced where the judge at sentencing had strong personal feelings and based his sentence on his understanding of the mental state of a relative with bipolar disorder.

X. Petitioner was prejudiced by ineffective assistance of counsel and violation of the right to counsel.

XI. Petitioner was prejudiced by ineffective assistance of counsel on appeal.

## III. Facts

The material facts leading to petitioner's conviction are recited verbatim from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

This case arises from an incident at Baker's Field in Port Huron Township, during the early morning hours of March 24, 2002. The principals are defendant, codefendant Katie Crawford, who was sixteen years old at the time of trial, and the victim, who is a former boyfriend of Crawford and was nineteen years old at the time of trial. The trial court summarized the facts at sentencing:

> Crawford hid the Defendant in the trunk of the Defendant's late model Lincoln automobile while she drove the car to the victim's house in the early morning hours and persuaded him to get into the car with her on the pretense of talking out their problems, referring to a former relationship.
>
> The Defendant, who was hiding in the trunk of the car, had a baseball bat with him, quote, just in case. The conspirators, with Crawford driving, and the unsuspecting victim riding in the passenger seat drove at about four o'clock in the morning, in the dark of night, to a secluded area called Baker's Field. It's a well-known secluded area in the Port Huron area.
>
> On a ruse she popped the trunk ... and with a baseball bat in his hands the Defendant got out. And without any warning to this victim proceeded to brutally beat the victim with a baseball bat, dragging him out of the car, kicking him, stomping on his head, all the while threatening that he was going to kill him.
>
> The victim ... was defenseless. In a further attempt to humiliate the victim he forced the victim to remove all of his clothing, including his under shorts from the waist down, threw his clothes out into the field and the nearby river, and then forced the victim to kiss the co-defendant's feet and to apologize to her for what, he didn't know.

4

These two criminals then proceeded to rob [the victim] of his wrist watch, his cell phone, and his ring....

When they finished, they left the scene leaving the victim naked on the ground, where he regrouped and crawled his way to two houses before he finally found help.... This victim, who incidentally is handicapped by cerebral palsy, suffered very severe injuries, including lacerations to his eyes and his scalp. He's required several surgeries and several more surgeries will be required in the nature of reconstruction. The only explanation given by the Defendants for this vicious attack was that the victim, who was a former boyfriend of the co-defendant, kept calling the co-defendant on the telephone in an attempt to win her back and just by happenstance the victim called her residence while the Defendant was there. He ... overheard the conversation and then volunteered to, quote, kick his ass. So they proceeded ... to ... plan to assault this victim.

Codefendant Crawford faced the same four charges as defendant, but appeared in court pursuant to a plea agreement whereby the charges in connection with the armed robbery would be dismissed and Crawford would testify truthfully at defendant's trial.

*People v. Andrews,* No. 244054, Slip. Op. at * 1-2.

## IV. Analysis

## A. Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### B. Procedurally Defaulted Claims - Claims I., II., III., IV., X., and IX.

### 1.

Respondent contends that petitioner's first, second, third, fourth, tenth and eleventh claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion, and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). Procedural default precluding a state prisoner from seeking federal habeas relief may occur if the state prisoner files an untimely appeal, if he fails to present an issue to the state appellate court at his only opportunity to do so, or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review. *See Matson v. Michigan Parole Bd.,* 175 F. Supp. 2d 925, 927 (E.D. Mich.

2001)(internal citations omitted). A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In *Murray v. Carrier*, 477 U.S. 478, 488 (1986), the Supreme Court defined cause sufficient to excuse procedural default as "some objective factor external to the defense," which precludes a habeas petitioner's ability to pursue his claim in state court.

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." M.C.R. 6.508(D)(3)(b)(i).

**2.**

Petitioner contends that his claims are not procedurally defaulted, because the Michigan Supreme Court's order denying petitioner's post-conviction appeal was not a reasoned decision, because it merely referred to M.C.R. 6.508(D), without specifying which subsection of the rule that they were relying on to deny petitioner's post-conviction appeal. Petitioner further argues that the last explained state court ruling on his post-conviction motion was from the St. Clair County Circuit Court, and although the judge mentioned petitioner's failure to raise his claims earlier, he went on to

7

address the merits of his claims anyways.

In *Simpson v. Jones*, 238 F. 3d 399, 407 (6th Cir. 2000), the Sixth Circuit held that a one-sentence order of the Michigan Supreme Court stating that the defendant "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)" was a reasoned decision that invoked a procedural bar. The Sixth Circuit ruled that even though the ruling was brief and did not explicitly reference M.C.R. 6.508(D)(3), the Michigan Supreme Court's statement was nevertheless "not unexplained." *Id.* at 407-408. The Sixth Circuit made a similar ruling in *Burroughs v. Makowski,* 282 F. 3d 410, 414 (6th Cir. 2002), holding that "the Michigan Court of Appeals and Michigan Supreme Court's statements that Burroughs was not entitled to relief under M.C.R. 6.508(D) presents a sufficient explanation that their rulings were based on procedural default."

However, in *Abela v. Martin*, 380 F. 3d 915 (6th Cir. 2004), a different panel of the Sixth Circuit concluded that where the state trial court and court of appeals denied relief on the merits of the petitioner's federal claims and the Michigan Supreme Court denied relief on the basis of M.C.R. 6.508(D) in general, the claims raised in the federal habeas petition were not procedurally defaulted. The Sixth Circuit explained: "given that all of the lower state courts adjudicated Abela's case on the merits, it is not at all clear that the Michigan Supreme Court's summary order relies on a procedural bar, as opposed to the non-procedural reason that Abela simply failed to meet his burden of 'establishing entitlement to the relief requested.'" *Id.* at 923.

Petitioner's case is distinguishable from the petitioner's in *Abela,* because contrary to his argument, the trial court never addressed the merits of his post-

8

conviction claims. Instead, the trial court explicitly mentioned M.C.R. 6.508(D)(3) and went on to note that petitioner "has failed to provide good cause for his failure to raise on appeal the arguments presented in his motion." *People v. Andrews,* No. 02-001007-FC, Slip. Op. at * 1. Although noting that petitioner alleged that he was denied the effective assistance of appellate counsel, the trial court ruled that it did not appear that appellate counsel's performance was objectively unreasonable or prejudicial, therefore, petitioner "has not shown good cause for failing to make his arguments on appeal." *Id.* at * 2. The trial court then noted that for purposes of petitioner's post-conviction motion, actual prejudice was defined under M.C.R. 6.508(D)(3)(b)(i) as meaning but for the alleged error, the defendant would have had a reasonably likely chance of acquittal. Although the trial court briefly noted that the claims raised by petitioner did not amount to legal error, the court further found that petitioner would not have had a "reasonably likely chance of acquittal, even without the alleged errors." *Id.*

Here*,* the trial court relied almost exclusively on the provisions of M.C.R. 6.508(D)(3) to deny petitioner's post-conviction motion, finding that petitioner had failed to show cause or prejudice, as required by that rule, to obtain post-conviction relief. Unlike the habeas petitioner in *Abela,* the trial court here did not explicitly deny petitioner's post-conviction motion on the merits, but "had without question" denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3). Under the circumstances, petitioner's post-conviction claims are clearly procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F. 3d 284, 292-93 (6th Cir. 2007); *See also Howard v. Bouchard,* 405 F. 3d 459, 477 (6th Cir. 2005). The fact that the trial court may have briefly discussed the merits of petitioner's

claims briefly after invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claims does not alter this analysis. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999). A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991). Petitioner's first, second, third, fourth, and tenth claims are procedurally defaulted. [1] Thus, these claims are barred from review unless petitioner can show cause and prejudice or a miscarriage of justice. As explained below, petitioner has not made such a shoring.

## 3.

With respect to his first through fourth and his tenth claims, petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

---

[1] Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004); *Johnson v. Warren,* 344 F. Supp. 2d 1801, 1089, n. 1 (E.D. Mich. 2004). However, for the reasons discussed *infra*, petitioner is not entitled to habeas relief on this claim.

*Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* claim based on [appellate] counsel's failure to raise a particular claim[on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536(1986)(*quoting Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Here, petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his first

through fourth and tenth claims. Petitioner was represented by an assistant defender from the State Appellate Defender Office, who filed a thirty nine page brief, in which she raised seven claims and one subclaim. Appellate counsel also filed a motion to remand and a motion to compel the production of a videotape from petitioner's sentencing in support of the sentencing claim that petitioner raises in Claim IX, *infra.* [2] Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Michigan Attorney General in their answer to the petition for writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000); *Meade,* 265 F. Supp. 2d at 872.

Finally, to the extent that petitioner is raising his ineffective assistance of appellate counsel claim as an independent ground for relief, he is not entitled to the issuance of a writ of habeas corpus. First, as mentioned above, petitioner has failed to show that appellate counsel was deficient in failing to present the omitted claims on his appeal of right.

Moreover, petitioner is unable to show that he was prejudiced by his appellate counsel's failure to raise these claims on his appeal of right, in light of the fact that these same claims were presented to the Michigan trial and appellate courts on

---

[2] *See* Dkt. # 8-12.

petitioner's post-conviction motion for relief from judgment and rejected by them. *See*

*Hollin v. Sowders*, 710 F. 2d 264, 265-67 (6th Cir. 1983); *Bair v. Phillips,* 106 F. Supp.

2d 934, 938, 943 (E.D. Mich. 2000). The state courts' rulings on petitioner's motion for

post-conviction relief granted petitioner an adequate substitute for direct appellate

review and therefore his attorney's failure to raise his first, second, third, fourth and

tenth claims on petitioner's appeal of right did not cause him any injury. *Bair,* 106 F.

Supp. 2d at 943.

Petitioner has offered no reasons for the Court to excuse the default. Because

petitioner has not demonstrated any cause for his procedural default, it is unnecessary

for this Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Additionally, petitioner has not established that a fundamental miscarriage of justice

has occurred. The miscarriage of justice exception requires a showing that a

constitutional violation probably resulted in the conviction of one who is actually

innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means

factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S.

614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to

support his allegations of constitutional error with new reliable evidence -- whether it be

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner's

sufficiency of evidence claim (Claim V, *infra*) is insufficient to invoke the actual

innocence exception to the procedural default doctrine. *See Malcum v. Burt,* 276 F.

Supp. 2d 664, 677 (E.D. Mich. 2003). Because petitioner has not presented any new

reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur

13

if the Court declined to review his first through fourth and tenth claims on the merits.

Finally, assuming that petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief.  The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007).   For the reasons stated by the Michigan Attorney General in their answer to the petition for writ of habeas corpus, petitioner has failed to show that his claims have any merit.   Petitioner's first, second, third, fourth, and tenth claims are thus barred by procedural default and do not warrant relief.  Petitioner's eleventh claim is also denied.

### C.  Sufficiency of the Evidence - Claim V.

### 1.

Petitioner claims that there was insufficient evidence to convict him of conspiracy to commit armed robbery or conspiracy to commit assault with intent to do great bodily harm, because there was insufficient evidence presented to establish that his co-defendant Crawford ever intended for petitioner to use a baseball bat to assault the victim.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Moreover, in reviewing a state court's application of the *Jackson* standard, a federal habeas court is required

to determine whether the state court's application of the law in reviewing a sufficiency of evidence claim was reasonable. *See Tucker v. Palmer,* 541 F. 3d 652, 666 (6th Cir. 2008)(citing 28 U.S.C. § 2254(d)(1)). A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). On a state prisoner's habeas petition challenging the insufficiency of the evidence, a federal district court must draw all available inferences and resolve all credibility issues in favor of the jury's verdict. *See Spalla v. Foltz,* 615 F. Supp. 224, 227 (E.D. Mich. 1985).

The scope of review in a federal habeas proceeding to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002). Circumstantial evidence and reasonable inferences arising from the evidence may be sufficient proof of the elements of an offense. *See Kelley v. Jackson,* 353 F. Supp. 2d 887, 891 (E.D. Mich. 2005)

The elements of armed robbery under Michigan law are: (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004)(*citing* Mich. Comp. Laws § 750.529; *People v. Allen*, 201 Mich. App. 98, 100; 505 N.W. 2d 869 (1993)).

Under Michigan law, the elements of assault with intent to do great bodily harm less than murder are: (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder.

15

*Lovely v. Jackson,* 337 F. Supp. 2d at 977)(*citing People v. Mitchell,* 149 Mich. App. 36, 38; 385 N.W. 2d 717 (1986)).

Under Michigan law, a conspiracy is defined as "a mutual agreement or understanding, express or implied, between two or more persons to a commit a criminal act." *Cameron v. Birkett,* 348 F. Supp. 2d 825, 839 (E.D. Mich. 2004)(*quoting People v. Carter*, 415 Mich. 558, 567; 330 N.W.2d 314 (1982)). "[A] two-fold specific intent is required for conviction: intent to combine with others, and intent to accomplish the illegal objective." *Carter*, 415 Mich. at 568. Direct proof of an agreement is not required, nor is proof of a formal agreement necessary. Rather, it is sufficient that the circumstances, acts, and conduct of the parties establish an agreement. *People v. Cotton*, 191 Mich. App. 377, 393; 478 N. W. 2d 681 (1991). A conspiracy may be proven by circumstantial evidence or may be based on inference. *Id.*

**2.**

As the Michigan Court of Appeals indicated in rejecting petitioner's sufficiency of evidence claim, *See Andrews,* Slip. Op. at * 3, there was sufficient evidence presented at trial to establish that Crawford intended for petitioner to use the baseball bat to assault the victim. Although Crawford testified that she and petitioner did not initially discuss using the bat, petitioner grabbed the bat while leaving Crawford's house. Crawford testified, "I asked him what he was going to use it for and he had said just in case," adding, "I did not know he was going to use the bat. I thought he was just going to beat him up. But then we got out there and it all started, he used the bat." Crawford admitted that she was "on board for the beating up," was aware that robbing the victim would be involved, acknowledged that she intended to have the victim hurt, and that

petitioner declared that he was "[g]oing [to] beat the living shit out of him."  Crawford

testified that when the bat slipped out of petitioner's hands during the course of the

assault, she retrieved it at his request, and brought it back to the car, where petitioner

took it back and continued to severely beat the victim with it.  Finally, Crawford testified

that she did not object to what petitioner was doing until after he had struck the victim

repeatedly with the bat.  Crawford's testimony was sufficient to convince a rational trier

of fact that Crawford understood that the bat was part of the plan to assault and rob the

victim.

In light of the foregoing, the Michigan Court of Appeals' determination that there

was sufficient evidence to support petitioner's convictions for conspiracy to commit

armed robbery and conspiracy to assault with intent to commit great bodily harm was

not an unreasonable application of clearly established federal law, so as to entitle

petitioner to habeas relief on his fifth claim.  *See Bradley v. Birkett*, 192 Fed. Appx.

468, 480-81 (6th Cir. 2006).

### D.  Petitioner Invoking Right to Remain Silent - Claim IV.

### 1.

Petitioner claims that the trial court erred in denying his motion for a mistrial on

the ground that the jury heard evidence that petitioner chose not to speak with the

police.  Petitioner based his claim on the following exchange, on cross-examination,

between defense counsel and a police witness, Deputy Timothy O'Boyle, where

defense counsel was asking Deputy O'Boyle about the nature of the phone

conversations that lead to the plan to assault and rob the victim:

Q. Did you conduct an investigation to see if there was an argument over

the phone?

A. Yes.

Q. Okay. And did you conclude in your investigation that there was?

A. I concluded that there was phone calls.  Couldn't conclude whether they were arguing or not, but there were phone calls.

Q. And why couldn't you conclude that?

A. I couldn't speak to him. He said his mom was getting him a attorney. And-

Defense Counsel: Objection, your Honor. That's a mistrial right there.

(Tr. 7/18/2002, pp. 393-94).

The Michigan Court of Appeals rejected petitioner's claim, first on the ground that the Deputy O'Boyle's answer was responsive to defense counsel's question, thus, petitioner could not claim error from the exchange.  *Andrews,* Slip. Op. at * 5.  The Michigan Court of Appeals further concluded that to the extent that the answer was non-responsive to counsel's questioning, the admission of this testimony was harmless error, at worst. *Id.*  The Court agrees with these conclusions.

**2.**

A defendant in a criminal case cannot complain of error which he himself has invited. *Shields v. United States*, 273 U.S. 583, 586 (1927).  When a petitioner invites an error in the trial court, he is precluded from seeking habeas corpus relief for that error. *See Fields v. Bagley,* 275 F. 3d 478, 486 (6th Cir. 2001).  In the present case, petitioner's counsel's questioning opened the door to the officer's testimony about petitioner invoking his right to remain silent.  Because petitioner invited the error here, he cannot obtain habeas relief.

18

In addition, testimony that petitioner refused to speak to the police was harmless error at worst. A federal court can grant habeas relief only if the trial error had a substantial and injurious effect or influence upon the verdict. *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993). Violations of the Fifth Amendment are subject to a harmless error analysis. *See Mayle v. Felix*, 545 U.S. 644, 672-73 (2005); *Neder v. United States*, 527 U.S. 1, 18 (1999). In light of the overwhelming evidence of guilt in this case, testimony that petitioner did not wish to speak with an attorney did not have a substantial or injurious influence or effect on the jury's verdict. Petitioner is not entitled to habeas relief on his sixth claim.

### E. Prosecutorial Misconduct - Claim VII.

### 1.

Petitioner claims that he was deprived of a fair trial because of prosecutorial misconduct. To prevail on a claim of prosecutorial misconduct, a petitioner must show that the alleged misconduct infected his trial with such unfairness as to make the resulting conviction a denial of due process. *Byrd v. Collins*, 209 F. 3d 486, 529 (6th Cir. 2000) (*quoting Darden v. Wainwright*, 477 U.S. 168, 181 (1986))(*quoting Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Courts must keep in mind that "the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). "Therefore, even if the prosecutor's conduct was 'undesirable or even universally condemned,' *Darden*, 477 U.S. at 181 (quotation marks and citations omitted), it does not constitute a due process violation unless the conduct was 'so egregious so as to render the entire trial fundamentally unfair.'" *Byrd*, 209 F. 3d at 529

(end citations omitted).  In addition, because this case is a habeas case and is not a direct appeal, the inquiry into an issue of prosecutorial misconduct is less stringent. *See Spalla*, 615 F. Supp. at 227.  Indeed, "[t]he Supreme Court has clearly indicated that the state courts have substantial breathing room when considering prosecutorial misconduct claims because 'constitutional line drawing [in prosecutorial misconduct cases] is necessarily imprecise.'" *Slagle v. Bagley*, 457 F.3d 501, 516 (6th Cir. 2006)(*quoting Donnelly*, 416 U.S. at 645).  In deciding whether prosecutorial misconduct mandates that habeas relief be granted, a federal court must apply the harmless error standard. *See Pritchett v. Pitcher*, 117 F. 3d 959, 964 (6th Cir. 1997).

**2.**

Petitioner first contends that the prosecutor engaged in improper vouching when in response to a question from a prospective juror during *voir dire*, the prosecutor indicated that he does not bring criminal charges against a criminal defendant until he determines that the person is guilty.

The Michigan Court of Appeals rejected petitioner's claim on the ground that the prosecutor's statement was a response to a prospective juror's question, was an accurate statement of the law, and acknowledged that the prosecutor had a duty to act only in good faith and that the jurors would decide the facts.  The Michigan Court of Appeals further concluded that the trial court cured any prejudice from this remark when it instructed the jurors that they alone would decide the facts, that they were to do so solely on the basis of the evidence, and that the statements of the attorneys were not evidence. *Andrews,* Slip. Op. at * 7.  The Court agrees with this conclusion, which is in accordance with federal law.

A prosecutor may not express a personal opinion concerning the guilt of a defendant or the credibility of trial witnesses, because such personal assurances of guilt or vouching for the veracity of witnesses by the prosecutor "exceeds the legitimate advocates' role by improperly inviting the jurors to convict the defendant on a basis other than a neutral independent assessment of the record proof." *Caldwell v. Russell*, 181 F.3d 731, 737 (6th Cir. 1999)(internal citations omitted). "[G]enerally, improper vouching involves either blunt comments, or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony." *See United States v. Francis,* 170 F. 3d 546, 550 (6th Cir. 1999)(internal citations omitted). It is worth noting, however, that the Sixth Circuit has never granted habeas relief for improper vouching. *Byrd,* 209 F. 3d at 537 and n. 43. Even on direct appeal from a federal conviction, the Sixth Circuit has held that to constitute error, a prosecutor's alleged misconduct of arguing his personal belief, in a witness' credibility or in a defendant's guilt, must be flagrant and not isolated. *See United States v. Humphrey,* 287 F.3d 422, 433 (6th Cir. 2002).

Petitioner is not entitled to habeas relief on this claim because the prosecutor's comment was brief and isolated. An isolated instance of vouching does not make a state trial so constitutionally infirm so as to justify federal habeas relief. *See e.g. Joseph v. Coyle,* 469 F. 3d 441, 474 (6th Cir. 2006). Secondly, even if this statement amounted to improper vouching, it did not rise to the level of a due process violation necessary for federal habeas relief, because the sizeable amount of evidence offered by the state against petitioner made it unlikely that the jury was misled by this brief statement. *See Wilson v. Mitchell,* 250 F. 3d 388, 398 (6th Cir. 2001). Lastly, the jury

was instructed that the lawyers' statements and arguments were not evidence. This instruction by the court cured any prejudice that may have arisen from any improper vouching. *Byrd,* 209 F. 3d at 537.

Petitioner next claims that the prosecutor improperly interjected matters that had not been admitted into evidence, when he indicated that there were other photographs that had not been presented to the jury that would show that the victim's injuries were far more extensive than the photographs that had been admitted into evidence.

It is improper for a prosecutor during closing arguments to bring to the jury any purported facts which have not been introduced into evidence and which are prejudicial. *Byrd*, 209 F. 3d at 535. In this case, however, petitioner is not entitled to habeas relief on his claim that the prosecutor's referred to photographs that were not introduced into evidence, because the remark was isolated and the evidence against petitioner in this case, particularly through the properly admitted photographs which established that the victim had been severely beaten, was strong. *See Macias v. Makowski,* 291 F. 3d 447, 453-54 (6th Cir. 2002); *Byrd,* 209 F. 3d at 536. Any prosecutorial misconduct in attempting to inject facts that had not been introduced into evidence was also ameliorated by the trial court's instruction that the lawyers' comments and statements were not evidence. *See Hamblin v. Mitchell,* 354 F. 3d 482, 495 (6th Cir. 2003).

Petitioner lastly claims that that the prosecutor improperly used Crawford's guilty plea as substantive evidence of petitioner's guilt, which was compounded by the trial court's instructions. Petitioner bases his claim on two passages from the prosecutor's rebuttal argument, beginning with the following:

22

> Now, surprisingly enough Defense Counsel's going to make a big show and say, oh, find him guilty. Find him guilty of this less serious one than that. The evidence before you is that Katie Crawford, who never picked up the bat, who never hid in the trunk, who never put a bandana over her face, and who never whacked [the victim] several times, admitted that she was guilty of the assault with intent to do great bodily harm and the conspiracy to do that crime. So what Defense Counsel wants you to do is ... give him less than her.

*Andrews,* Slip. Op. at * 10.

After defense counsel moved for a mistrial, the prosecutor was permitted to continue:

> So ladies and gentlemen, if you would like to find the Defendant less guilty than Kathryn Crawford, I guess that's up to you. But in your heart and in your guts and in your common sense for Heaven's sake you know that's not possible.

*Id.*

Here, there is no indication that the prosecutor expressly argued that Crawford's guilty plea should be used as substantive evidence to find petitioner guilty. However, even if the prosecutor improperly referred to Crawford's guilty plea in his closing argument, it was not so egregious so as to deny petitioner a fair trial, particularly where the trial court instructed the jurors that they should evaluate Crawford's testimony with extra care because she was an accomplice and that they were to consider evidence that Crawford had entered a plea agreement only as it related to Crawford's credibility. Petitioner is therefore not entitled to habeas relief on his claim. *See Bradley v. Birkett,* 192 Fed. Appx. at 475.

## F. Shacking - Claim VIII.

### 1.

Petitioner contends that he is entitled to habeas relief because some jurors observed him in shackles as he was being lead to and from the courtroom. Petitioner acknowledged on his direct appeal that he was never shackled inside of the courtroom.

In *Deck v. Missouri*, 544 U.S. 622, 629 (2005), the U.S. Supreme Court held that "the Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." *Deck's* facts and holding, however, "concerned only visible restraints at trial." *Mendoza v. Berghuis*, 544 F.3d 650, 654 (6th Cir. 2008).

## 2.

Petitioner is not entitled to habeas relief on his claim, because there is no evidence that petitioner's restraints were visible during the trial. *Mendoza*, 544 F.3d at at 655. The mere fact that several jurors observed petitioner shackled while he was being transported to the courtroom does not entitle him to habeas relief. *Id.* "Restraining a defendant in the courtroom, and restraining him during transport there, are two very different things." *Id.* (*citing United States v. Moreno*, 933 F.2d 362, 368 (6th Cir. 1991). As the Sixth Circuit has said, quoting approvingly from a district court's opinion denying habeas relief: "'[i]t is *reasonable* for law enforcement officers to transport custodial criminal defendants to and from courthouses across the country with restraints.'" *Id.* (emphasis added). The Sixth Circuit also noted: "[A]nd jurors may well *expect* criminal defendants-at least ones charged with the kind of conduct at issue here-to be restrained during transport to the courtroom." *Id.* (emphasis original).

Because the Supreme Court has not held that a criminal defendant's constitutional rights are violated when jurors see him shackled during transport to or from the courtroom, petitioner is not entitled to habeas relief on this claim. *Mendoza,* 544 F. 3d at 655-56.

## G. Impartial Sentencing Judge - Claim IX.

### 1.

Petitioner claims that he is entitled to resentencing, where the trial court based his sentencing on his understanding of petitioner's bipolar disorder based on the fact that the judge had a son who suffered from the same disorder.

The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or an interest in the outcome of the case. *See Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). However, to state a claim that a judge is biased, a defendant must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias. *United States v. Lowe*, 106 F. 3d 1498, 1504 (6th Cir. 1997). "Under this standard, '[o]nly in the most extreme of cases would disqualification on the basis of bias and prejudice be constitutionally required.'" *Getsy v. Mitchell,* 495 F.3d 295, 311 (6th Cir.2007)*(quoting Williams v. Anderson*, 460 F.3d 789, 814 (6th Cir.2006)). A judge is required to recuse himself or herself only where he has actual bias or "a predisposition 'so extreme as to display clear inability to render fair judgment.'" *Johnson v. Bagley,* 544 F. 3d 592, 597 (6th Cir. 2008)(*quoting Liteky v. United States*, 510 U.S. 540, 551 (1994)). In reviewing a judicial bias claim, a federal habeas court should employ the initial presumption that the assigned trial judge properly discharged his or her official duties. *See Johnson v.*

*Warren,* 344 F. Supp. 2d 1081, 1093 (E.D. Mich. 2004).

**2.**

Here, petitioner's counsel brought up petitioner's bipolar disorder as a ground for leniency for petitioner.  The trial court commented on his personal experience with bipolar disorder, based on his own son having suffered from the same disorder, before declining to take petitioner's bipolar condition into account at sentencing.  The trial court then indicated that the facts in petitioner's case were "the most horrendous that I've had the occasion to address while I've been on the bench."  The trial court then summarized the facts of the case before sentencing petitioner. (Tr. 8/22/2002, pp. 44-49).

Having reviewed the record, the trial court's remarks about his personal experience with his son's bipolar condition did not render petitioner's sentence unfair. When viewed in context, the remarks were part of the judge's explanation as to why he refused to grant leniency to petitioner based on the magnitude of the crime. *See e.g. Welch v. Burke,* 49 F. Supp. 2d 992, 1008–09 (E.D. Mich. 1999)(Trial court did not make decision contrary to federal law when sentencing habeas petitioner for second-degree murder, despite claim that the trial court was biased based on his comment about the death of his own child, where the remark was an attempt to indicate to petitioner magnitude of his act.).  Petitioner is not entitled to habeas relief on this claim.

### V.  Conclusion

For the reasons stated above, some of petitioner's claims are procedurally defaulted and petitioner has failed to overcome the default.  As to the remainder of

petitioner's claims, the state courts' rejection of the claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts.  Accordingly, the petition for a writ of habeas corpus is **DENIED.**

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further.  The Court therefore **DECLINES** to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). [3] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  However, if petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**


 S/Avern Cohn                                    
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: October 20, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 20, 2010, by electronic and/or ordinary mail.


 S/Julie Owens                     
Case Manager, (313) 234-5160

---

[3] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.